Good morning and may it please the court. My name is Jeff Ellis. I'm here today on behalf of Mr. Moody. Mr. Moody is a Washington State prisoner serving a life without parole sentence as a result of a state court finding that he was a persistent offender or more commonly a three-striker. In this court as well as in the district court and in the state post-conviction court, Mr. Moody complained that he received ineffective assistance of counsel because his attorney at sentencing did not challenge the comparability of two out-of-state convictions, a conviction from Utah and a conviction from California, which the state court ultimately counted as prior strikes and resulted in his life without parole sentence. Now the Washington Court of Appeal on its own did that comparison. Is that not accurate? Well, I think that's a great question. And I think you have to read the opinion carefully. Certainly the court concludes that comparability was established, but it concludes that that happened as a result or after rejecting two sort of preliminary procedural arguments, one being that Mr. Moody hadn't been given notice in the foreign states of the potential future change in Washington law, but also this argument that because the foreign law wasn't introduced as an exhibit, the state court couldn't consider it. And so our primary argument is that the state court never reached the merits of the comparability issue. It is true that what they say in rejecting those procedural arguments is comparability has been established because it gets established by virtue of Moody not contesting the point. And one of the things that I've asked this court to do is to essentially certify this question to the Washington Supreme Court. It's my argument that no court has ever made a determination of the comparability matter on its merits. And I think perhaps the easiest way to see that is Wasn't this claim exhausted in the Washington Supreme Court? It was, but the Washington Supreme Court, again, did not address the merits of the comparability, which is the if they had already seen it once, wouldn't it? Well, I think, look, there's some intuitive pull to the idea that maybe the state court is in a better position to determine what another state court decided, but I don't think that necessarily follows. What happens in the Washington Supreme Court is they very, in a very cursory way, say, it looks like we already established prejudice in the court of appeals decision. And it's my argument today that essentially they didn't do that and that was a mistake. And again, I think the best way of looking at that, or two ways of looking at that, is to look at the Lavery decision, which I think is the decision where they lay out comparability analysis and compare it to what happens on direct appeal, or to look at the report and recommendation of the district court judge. But assuming that this court concludes that the state court has made a determination on the merits, I don't think that this is simply a matter of state law. It is true that state comparability law determines the framework in which this court has to view the error. But this is essentially a question about prejudice that depends not on Washington law, but on the foreign law, on the Utah law, or the California law. And it also depends on facts, which frankly aren't fully in the record. Now, these are not... But counsel, if this depends on interpretations of Utah and California law and on the facts, then where's the constitutional claim here and where's the error that is of such great magnitude that the Washington court should have recognized the problem? Well, the error is in the determination of prejudice. The claim here is a claim of benefactors assistance to counsel that comes under the Sixth Amendment. The error is in the state court's determination of prejudice. But they determined that as a matter of state law. How can we review that? Because it's not a matter of state law. It's a matter of foreign law. It's a matter of Utah law. Even if that's true, how can we review that? Well, I think you can review it because you can say it was an unreasonable determination of Utah law. Let me talk in terms of the complaint. The complaint, for instance, is that the Utah law of assault allows for reckless intent as opposed to intent itself, and therefore doesn't allow defenses that would be available under Washington law. Washington courts are in no better position than this court to make that determination. That's the mistake. The mistake is that the Washington court determines that the Utah law is in sync with the Washington law when it's not. The second question is a question of facts. And I think, again, I would refer the court to the report and recommendation of the magistrate judge, not because I necessarily agree with it, but because I think it presents all of the problems that exist in this case. The report and recommendation with regard to the Utah offense says, well, look, there's nothing in the probable cause statement in that Utah offense that suggests he was so intoxicated that he could have claimed that as a defense, even if that defense had existed under Utah law. And if that's a factual question, it is a historically settled one. So it's different than what we see in many ineffective assistance claims where we remand for hearings because no factual record has ever been determined. This is a factual record that was determined at the time of the conviction in the foreign jurisdiction. But that factual determination has never been made because no court ever addressed the merits of the particular claim. So while there certainly needs to be some deference to state law, ultimately this is a determination of the application of foreign law within that framework as well as to the facts. In some respects, it's similar to this court's decision, which ultimately was overturned by the U.S. Supreme Court in Sarasate v. Porter, which was later renamed Waddington v. Porter. And I know two of you were on that decision, at least from the denial on Bach and the decision itself. And in that case, while there needs to be some deference to the Washington law in defining the scope of the comparability analysis, ultimately error in this case is not in terms of how Washington defined or its comparability analysis, but how they applied the facts and the foreign law to the element of prejudice. So with that, I'll reserve my remaining time for rebuttal. Okay.  Mr. Sampson. May it please the Court. John Sampson, Assistant Attorney General, representing the respondent. Although the claim of ineffective assistance to counsel is a federal issue, the claim in this case rests on a state law issue, whether the out-of-state convictions were comparable to a Washington strike. And petitioner's argument is the state court did not really reach that issue. But in fact, the state court did, both on the direct appeal and on the personal restraint petition. On the direct appeal, in excerpts of record 30 and 31, the court repeatedly said that the out-of-state convictions were comparable. The court said, quote, Moody's California and Utah offenses are substantially similar to second-degree assault in Washington and therefore are legally comparable crimes. And then the court continued that Moody admitted the facts underlying his out-of-state convictions and these facts are independently sufficient to establish comparability. Then the court, on excerpts of record 30, compared the elements of the Washington crime, the California crime, and the Utah crime. And they did that in three separate paragraphs on excerpts of record 30. And the court concluded that both the California crime and the Utah crime were comparable to a Washington offense. Now, counsel argues that this is really an issue of foreign law, not an issue of Washington law. But whether an offense is comparable under Washington law to a Washington offense is an issue of Washington state law. Or at least of both. It requires an analysis of what are the elements of the out-of-state crime. But whether that is comparable under Washington law is an issue of Washington law. The court has, it has to be an issue of Washington law. If he was being sentenced in Utah, that would be an issue of Utah law. And they would be looking at whether the Washington conviction is comparable to a Utah crime. But here he was sentenced in Washington, it's an issue of Washington law. And the state court reached that issue and decided that issue. And in the personal restraint petition, the Washington Court of Appeals, and this is that excerpt of record 26, said, quote, this court had already held that the Utah conviction is comparable to a most serious offense in Washington. A most serious offense being a strike under our three strikes law. So the court there recognized it had already held that in the direct appeal. And the state Supreme Court, as well, on excerpt of record 24, also determined that the Court of Appeals had previously reached the comparability issue when they said that the Court of Appeals considered lavery, which is the case petitioner relies on. And the court considered lavery in holding that Mr. Moody's prior Utah and California convictions were comparable to Washington strike offense. So the state court did reach this issue. Although the issue of whether counsel was deficient and whether counsel's deficiencies prejudiced his defense is a federal issue, it rests on the outcome of that state law issue. If counsel had tried to argue as petitioner claims he should have, the court would have determined as it did that these offenses were comparable and they would have still sentenced him to a three strikes life imprisonment. The state's Court of Appeals reached that issue and they said on the ineffective assistance of counsel claim that petitioner has not shown prejudice. They said, we don't need to reach this issue because we've already decided it. But then they said, assuming he can relitigate, petitioner fails to demonstrate that his lawyer's purported failure harmed him because we've already determined this is comparable. That state court determination of the claim was not objectively unreasonable and therefore he's not entitled to relief under 2254D. But even if this court were to review the issue de novo without the ADPEP deference, he still is not entitled to relief because the claim does rest on an issue of state law decided against him. Unless the court has any questions, I would ask that the court affirm the district court's judgment. Thank you, Mr. Sampson. Thank you. Mr. Ellis? Here's the problem. Let me focus on the Utah conviction. The problem is not in the way the state court defined its comparability analysis. The problem is in the way they analyzed the Utah law. On the direct appeal in the Court of Appeals, they say Utah assault requires intentionality. As it turns out, that's absolutely wrong. It can be committed in a manner that is reckless. Now, interestingly, in the report and recommendation, the district court magistrate says, well, it's not quite so clear that a Washington assault can't also be committed recklessly, but we don't know for sure. That would suggest to me that we ought to remand this matter to the Washington Supreme Court to have them resolve that issue and speak to their law, the issue of the Washington law. But as to the issue of the Utah law, what happened here was the state court simply interpreted a foreign law in a way that is completely contrary to the way it really works. The second problem then becomes the issue of the factual analysis because Washington comparability law has two components. There's legal comparability. You look just generally at the elements of the foreign law's crime. But then there's factual comparability. What did he admit? What did he take off the board? Would he be convicted of the same strike in- And the Washington courts did look at the facts. They were aware of what the underlying facts were in Utah. They looked at some facts with regard to the- They knew what he had done in Utah. They knew what he was accused of. Right. But here's the problem. The problem is that they did it with an incorrect legal framework, not their own legal framework, but the Utah framework. They assumed that Utah required intentionality because if you look at the opinion, they say, oh, it requires intent. But when you read the Utah definition of intent, intent can be the normal meaning, but it can also be reckless. But again, then when you look at the report and recommendation of the magistrate judge, the magistrate judge says, well, if recklessness is in play, how do we know whether Mr. Moody was intoxicated or not? How do we know whether these defenses would apply or not? And what I respectfully suggest is that this court either ought to remand the matter to the Washington Supreme Court certifying a question, or it ought to remand the matter to the district court for an evidentiary hearing. Again, it would be a slightly different type of evidentiary hearing, not one where live testimony would be presented, but where the historical factual record would be presented and there would be then some determination about what factually in that record, how it added up. So I would ask the court to remand to one of those two forums, and I appreciate the court's time this morning. Thank you. Thank you, Mr. Ellis. Thank both counsel for the argument. Moody is submitted.
judges: Wilken, Fletcher B. , Bybee